COBURN and another *v.* SCHROEDER and others.

*(Circuit Court, S. D. New York. July 31, 1881.)*

1. RE-ISSUE No. 8,091 — CASES FOR TRANSPORTING EGGS—VALIDITY—INFRINGE-MENT.

    Re-issued letters patent No. 8,091, granted February 19, 1878, to John L. and George W. Stevens, for cases for transporting eggs, *held valid* and *infringed.*

2. SAME—SAME—ANTICIPATION.

    Complainant's device for transporting eggs, consisting in placing thin strips of the proper width edgewise, crossing each other, and halved together at proper distances, between horizontal thin partitions in a box, making layers of cells, (limited only by the height of the box,) *preferably irrespective of the walls of the box,* to hold each an egg, separate from all the others, secure against injury from without the box and from moving the box in transportation, *held, not anticipated* by traveling cases with compartment-trays for carrying samples and boxes for holding chalk-balls, ink, medicine, or perfumery bottles made with similar partition strips and having compartments in *two* layers separated by a horizontal partition.

In Equity.

*Andrew J. Todd,* for orators.

*Samuel Greenbaum* and *Everett P. Wheeler,* for defendants.

WHEELER, D. J.   This suit is brought upon letters patent re-issued No. 8,091, granted to the orators as assignees of the defendants John L. Stevens and George W. Stevens, dated February 19, 1878, for an improvement in cases for transporting eggs, for which original letters patent, No. 62,378, dated February 26, 1867, were granted to the assignors.   The defences are that the re-issue is for a different invention from that in the original patent; that the patentees were not the original and first inventors of this improvement, because it was known to and used by others than either of them before the invention by both or either of them, and because it was invented, if at all by either, by John L. Stevens alone.   The invention consists in placing thin strips of the proper width edgewise, crossing each other, and halved together at proper distances, between thin horizontal partitions in a box, making layers of cells to hold each an egg separate from all the others, secure against injury from without the box and from moving the box in transportation, and easy to be packed and unpacked.   The walls of the box would form one side of the outer cells if the partitions and strips next parallel to them should be placed the size of a cell from them, but outer cells so formed are not safe for the eggs.   In the original patent the specification and drawings showed cases with outer cells so formed as if for use, while the re-issue is for a case so made and shown, but for only the cells formed irrespective of the walls of the case to hold eggs.

It is argued for the defendants with some force that this difference shows different inventions.   The drawings of the original show a case with only two layers of cells, but they show many cells in each layer interior to those of which the sides of the case form one side, and the specification sets forth successive layers of such cells, to be limited only by height of the box.   So there were clearly-shown cells and layers of cells formed irrespective of the walls of the case, as well as cells of which the walls formed a part, all of which were more or less safe for the eggs.   The interior and most safe ones were a part, at least, of the invention patented, and the patent might, under the statute, well be re-issued and limited to that part.   That there were traveling cases, made for carrying samples, containing trays divided by similar partitions into several small compartments, and that boxes for holding chalk-balls, and others for holding perfumery bottles and medicine bottles, and others for holding small ink bottles, made with similar partition strips, and having compartments in two layers, separated by a horizontal partition, before these patentees made this invention, is shown by the evidence beyond any fair question or doubt;

but that any box or case was made having more than two layers of cells, so that any of the cells had all their sides, irrespective of the walls of the box or case, or so that any of them were adapted to transporting eggs, as those patented are, before the invention, is not shown beyond fair doubt, as is required in order to defeat a patent. Those shown were adapted to small articles desired to be kept separate and disposed of singly, and not adapted to handling eggs in— to be disposed of in dozens at a time. It is not claimed that any of them were actually used for the transportation of eggs, and that fact goes strongly to show that none were made which could be so used to advantage.

The evidence upon which it is claimed that the invention was made by John L. Stevens alone consists wholly in parol proof of loose statements and admissions, which are so explained or denied that they fall far short of showing, by the measures of proof required to defeat a patent, that the invention was known to and used by one before it was by both.

There are some questions as to the relation between the defendants which may affect the accounting, but are not necessary to be decided now.

Let there be a decree against the defendants Schroeder and Seavers that the patent is valid, and that they have infringed, and for an injunction and an account against them, according to the prayer of the bill.